PATRICIA TUNSTALL v. DAVID RAINES AND CHARLES EDWARD TUNSTALL.

(Filed 19 April, 1967.)

**Automobiles § 41g— Evidence that defendant along servient highway entered intersection without stopping held to take issue of negligence to jury.**

> Plaintiff's evidence to the effect that she was a passenger in a car traveling south on a dominant highway, that a car traveling west on a servient highway was closer to the intersection but entered without stopping, that the driver "cut the corner" to his left and proceeded obliquely toward the lane for southbound traffic, and that the collision occurred between the left rear of the car entering the intersection from the servient highway and the right-hand side of the car traveling south on the dominant highway, *held* sufficient to be submitted to the jury on the issue of the negligence of the driver along the servient highway, notwithstanding evidence of negligence on the part of the driver on the dominant highway when the evidence does not establish as a matter of law that this driver's negligence was the sole proximate cause of the collision.

APPEAL by plaintiff from *Braswell, J.,* September 19, 1966 Regular Civil Session of WAKE.

Plaintiff's action is to recover damages for personal injuries resulting from a collision on November 11, 1965, between a 1963 Ford operated by defendant Tunstall, in which plaintiff was riding as a

passenger, and a 1956 Cadillac operated by defendant Raines, near the intersection of Rural Paved Roads #1152 and #1301.

When approaching said intersection, Tunstall was driving south on #1152, the dominant highway, and Raines was driving west on #1301.

Plaintiff alleged each defendant was negligent in particulars set forth and that the joint and concurrent negligence of defendants proximately caused the collision and plaintiff's injuries.

The only evidence was that offered by plaintiff. At the conclusion thereof, each defendant moved for judgment of nonsuit. Tunstall's motion was overruled. Raines's motion was allowed. Thereupon, plaintiff took a voluntary nonsuit as to defendant Tunstall.

As to defendant Raines, the court entered judgment of involuntary nonsuit. Plaintiff excepted thereto and appealed.

*Hatch, Little, Bunn & Jones for plaintiff appellant.*

*Dupree, Weaver, Horton, Cockman & Alvis for defendant appellee Raines.*

PER CURIAM. There was evidence sufficient to permit the jury to find the following: As the two cars approached the intersection, the Raines car was closer to the intersection than the Tunstall car. Raines failed to stop in obedience to the stop sign confronting him. Upon entering the intersection, Raines "cut the corner" to his left and proceeded obliquely towards the lane of #1152 for southbound traffic. The collision was between the "left rear" of the Raines car and the "right-hand side" of the Tunstall car. When the collision occurred, the "left rear" of the Raines car was "close to the center" of #1152. The debris from the collision began 100-105 feet south of the southern limit of the intersection. Raines did not see the Tunstall car prior to the collision.

Careful consideration impels the conclusion that the evidence, when considered in the light most favorable to plaintiff, is sufficient to require submission for jury determination of an issue as to the alleged actionable negligence of Raines. Nor does the evidence establish as a matter of law that plaintiff was contributorily negligent. Moreover, although there is plenary evidence as to the actionable negligence of Tunstall, the evidence does not establish as a matter of law that Tunstall's negligence was the sole proximate cause of the collision and of plaintiff's injuries. Having reached these conclusions, we deem it appropriate to refrain from further discussion of the evidence presently before us. *Byrd v. Motor Lines*, 263 N.C.

369, 372, 139 S.E. 2d 615, 617, and cases cited. The judgment of involuntary nonsuit as to defendant Raines is reversed.

Reversed.